IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,** § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> **PIONEER ELECTRONICS (USA) INC., PIONEER** § <br> **NORTH AMERICA, INC., PIONEER** § <br> **CORPORATION, VOLKSWAGEN GROUP OF** § <br> **AMERICA, INC., VOLKSWAGEN AG, AUDI AG,** § <br> **BMW OF NORTH AMERICA, LLC, BAYERISCHE** § <br> **MOTOREN WERKE AG, CHRYSLER GROUP** § <br> **LLC, HONDA OF AMERICA MFG., INC.,** § <br> **AMERICAN HONDA MOTOR CO. INC., HONDA** § <br> **NORTH AMERICA, INC., HONDA MOTOR** § <br> **COMPANY, LTD., MERCEDES-BENZ USA, LLC,** § <br> **DAIMLER AG, MITSUBISHI MOTORS NORTH** § <br> **AMERICA, INC., MITSUBISHI MOTORS** § <br> **CORPORATION, NISSAN NORTH AMERICA,** § <br> **INC., NISSAN MOTOR CO., LTD., PORSCHE** § <br> **CARS NORTH AMERICA, INC., DR. ING. HC. F.** § <br> **PORSCHE AG, TOYOTA MOTOR NORTH** § <br> **AMERICA, INC., TOYOTA MOTOR SALES,** § <br> **U.S.A., INC., TOYOTA MOTOR ENGINEERING &** § <br> **MANUFACTURING NORTH AMERICA, INC., and** § <br> **TOYOTA MOTOR CORPORATION,** § <br> § <br> *Defendants*. § | `6:13CV379` <br> CONSOLIDATED WITH <br> Civil Action No. 6:11-CV-278 <br><br><br> **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants Pioneer Electronics (USA) Inc., Pioneer North America, Inc., and Pioneer Corporation (collectively "Pioneer"); Volkswagen Group of America, Inc. (aka Audi of America, Inc.), Volkswagen AG, and Audi

1

AG (collectively "Audi"); BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW"); Chrysler Group LLC ("Chrysler"); Honda of America Mfg., Inc., American Honda Motor Co. Inc., Honda North America, Inc., and Honda Motor Company, Ltd. (collectively "Honda"); Mercedes-Benz USA, LLC and Daimler AG (collectively "Mercedes"); Mitsubishi Motors North America, Inc. and Mitsubishi Motors Corporation (collectively "Mitsubishi"); Nissan North America, Inc. and Nissan Motor Co., Ltd. (collectively "Nissan"); Porsche Cars North America, Inc. and Dr. Ing. hc. F. Porsche AG (collectively "Porsche"); and Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor Corporation (collectively "Toyota"), as follows:

## PARTIES

1. Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2. Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw, Inc. (doing business as SeeSaw Children's Place), a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. On information and belief, Defendant Pioneer Electronics (USA) Inc. is a Delaware corporation having its principal place of business in Long Beach, California.

4. On information and belief, Defendant Pioneer North America, Inc. is a Delaware corporation having its principal place of business in Long Beach, California.

5. On information and belief, Defendant Pioneer Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.

6. On information and belief, Defendants Pioneer Electronics (USA) Inc. and Pioneer North America, Inc. are each wholly owned subsidiaries (directly or indirectly) of Defendant Pioneer Corporation.

7. On information and belief, Defendant Volkswagen Group of America, Inc. (aka Audi of America, Inc.) is a New Jersey corporation having its principal place of business in Herndon, Virginia.

8. On information and belief, Defendant Volkswagen AG is a German stock company having its principal place of business in Wolfsburg, Germany.

9. On information and belief, Defendant Volkswagen Group of America, Inc. is a wholly owned subsidiary of Defendant Volkswagen AG.

10. On information and belief, Defendant Audi AG is a German stock company having its principal place of business in Ingolstadt, Germany.

11. On information and belief, Defendant Audi AG is a 99.55%-owned subsidiary of Defendant Volkswagen AG.

12. On information and belief, Defendant BMW of North America, LLC is a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.

13. On information and belief, Defendant Bayerische Motoren Werke AG is a German stock company having its principal place of business in Munich, Germany.

14. On information and belief, Defendant BMW of North America, LLC is a wholly owned subsidiary of BMW (US) Holding Corp., which is a wholly owned subsidiary of Defendant Bayerische Motoren Werke AG.

15. On information and belief, Defendant Chrysler is a Delaware limited liability company having its principal place of business in Auburn Hills, Michigan.

16. On information and belief, Defendant Honda of America Mfg., Inc. is an Ohio corporation having its principal place of business in Marysville, Ohio.

17. On information and belief, Defendant American Honda Motor Co. Inc. is a California corporation having its principal place of business in Torrance, California.

18. On information and belief, Defendant Honda North America, Inc. is a California corporation having its principal place of business in Torrance, California.

19. On information and belief, Defendant Honda Motor Company, Ltd. is a Japanese corporation having its principal place of business in Tokyo, Japan.

20. On information and belief, Defendants Honda of America Mfg., Inc., American Honda Motor Co. Inc., and Honda North America, Inc. are each wholly owned subsidiaries of Defendant Honda Motor Company, Ltd.

21. On information and belief, Defendant Mercedes-Benz USA, LLC is a Delaware limited liability company having its principal place of business in Montvale, New Jersey.

22. On information and belief, Defendant Daimler AG is a German stock company having its principal place of business in Stuttgart, Germany.

23. On information and belief, Defendant Mercedes-Benz USA, LLC is a wholly owned subsidiary of Daimler North America Corp., which is a wholly owned subsidiary of Defendant Daimler AG.

4

24. On information and belief, Defendant Mitsubishi Motors North America, Inc. is a California corporation having its principal place of business in Cypress, California.

25. On information and belief, Defendant Mitsubishi Motors Corporation is a Japanese corporation having its principal place of business in Tokyo, Japan.

26. On information and belief, Defendant Mitsubishi Motors North America, Inc. is a wholly owned subsidiary of Defendant Mitsubishi Motors Corporation.

27. On information and belief, Defendant Nissan North America, Inc. is a California corporation having its principal place of business in Franklin, Tennessee.

28. On information and belief, Defendant Nissan Motor Co., Ltd. is a Japanese corporation having its principal place of business in Kanagawa, Japan.

29. On information and belief, Defendant Nissan North America, Inc. is a wholly owned subsidiary of Defendant Nissan Motor Co., Ltd.

30. On information and belief, Defendant Porsche Cars North America, Inc. is a Delaware corporation having its principal place of business in Atlanta, Georgia.

31. On information and belief, Defendant Dr. Ing. hc. F. Porsche AG is a German stock company having its principal place of business in Stuttgart, Germany.

32. On information and belief, Defendant Dr. Ing. hc. F. Porsche AG indirectly owns the stock of Defendant Porsche Cars North America, Inc.

33. On information and belief, Defendant Toyota Motor North America, Inc. is a California corporation having its principal place of business in New York, New York.

34. On information and belief, Defendant Toyota Motor Sales, U.S.A., Inc. is a California corporation having its principal place of business in Torrance, California.

35. On information and belief, Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is a Kentucky corporation having its principal place of business in Erlanger, Kentucky.

36. On information and belief, Defendant Toyota Motor Corporation is a Japanese corporation having its principal place of business in Toyota City, Japan.

37. On information and belief, Defendants Toyota Motor North America, Inc., Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. are each wholly owned subsidiaries of Defendant Toyota Motor Corporation.

## JURISDICTION AND VENUE

38. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

39. On information and belief, each Defendant has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

40. On information and belief, each Defendant has conducted and does conduct substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this

Judicial District. Thus, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,953,599

41. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,953,599 ("the '599 patent") entitled "System, Method and Computer Program Product for Adding Voice Activation and Voice Control to a Media Player." The '599 patent was duly and legally issued on May 31, 2011. A true and correct copy of the '599 patent is attached as Exhibit A.

42. Plaintiff Stragent is the exclusive licensee of the '599 patent, having an exclusive, worldwide, transferable license ("the License") under the '599 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '599 patent without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the '599 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '599 patent and pursuing and entering into any settlement related to a claim of infringement.

43. On information and belief, Defendant Pioneer has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Pioneer's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least navigation AV receivers, including without limitation its AVIC-F900BT and AVIC-F700BT in-

dash navigation AV receivers, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Pioneer that infringes one or more claims of the '599 patent. Pioneer is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

44. On information and belief, at least since the filing of this Complaint, Defendant Pioneer has been and now is actively inducing infringement of the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Pioneer's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing automobile manufacturers and/or owners to make, use, offer for sale, and/or sell within the United States, and/or import into the United States, automobiles that implement at least Pioneer's AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers, which automobiles Pioneer knows (or is willfully blind to knowing) infringe one or more claims of the '599 patent. Pioneer is thus liable for inducing infringement of the '599 patent pursuant to 35 U.S.C. § 271(b).

45. On information and belief, at least since the filing of this Complaint, Defendant Pioneer has been and now is contributing to infringement of the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Pioneer's contributions include, without limitation, offering to sell and/or selling within the United States, and/or importing into the United States, at least its AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers, which constitute a material part of the invention recited in one or more claims of the '599 patent, knowing the AVIC-F900BT and AVIC-F700BT in-dash navigation AV receivers to be especially made or especially adapted for use in an infringement of the '599 patent, and not a

staple article or commodity of commerce suitable for substantial noninfringing use. Pioneer is thus liable for contributory infringement of the '599 patent pursuant to 35 U.S.C. § 271(c).

46. On information and belief, Defendant Audi has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Audi's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Audi 2011 A8 with Voice Control, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Audi that infringes one or more claims of the '599 patent. Audi is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

47. On information and belief, Defendant BMW has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. BMW's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the BMW 2011 ActiveHybrid 750i with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by BMW that infringes one or more claims of the '599 patent. BMW is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

48. On information and belief, Defendant Chrysler has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Chrysler's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the 2011 Jeep Grand Cherokee with Voice

Command and Uconnect Media Center, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Chrysler that infringes one or more claims of the '599 patent. Chrysler is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

49. On information and belief, Defendant Honda has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Honda's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Acura 2012 TL with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Honda that infringes one or more claims of the '599 patent. Honda is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

50. On information and belief, Defendant Mercedes has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mercedes's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Mercedes 2010 E Class with Voice Control System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Mercedes that infringes one or more claims of the '599 patent. Mercedes is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

51. On information and belief, Defendant Mitsubishi has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Mitsubishi's direct infringements include, without limitation, making, using,

offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Mitsubishi 2011 Lancer and Outlander with FUSE Hands-free Link System, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Mitsubishi that infringes one or more claims of the '599 patent. Mitsubishi is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

52.    On information and belief, Defendant Nissan has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Nissan's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Infiniti 2011 M with Voice Recognition, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Nissan that infringes one or more claims of the '599 patent. Nissan is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

53.    On information and belief, Defendant Porsche has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Porsche's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Porsche 2011 Panamera, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Porsche that infringes one or more claims of the '599 patent. Porsche is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

54. On information and belief, Defendant Toyota has been and now is directly infringing the '599 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Toyota's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least automobiles, including without limitation the Lexus 2011 RX 350, that infringe one or more claims of the '599 patent, and any other product made, used, offered for sale, and/or sold by Toyota that infringes one or more claims of the '599 patent.  Toyota is thus liable for direct infringement of the '599 patent pursuant to 35 U.S.C. § 271(a).

55. At least by filing this Complaint, Plaintiffs have given each Defendant written notice of the infringement.

56. As a result of Defendants' infringement of the '599 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that each defendant has directly infringed the '599 patent;

B. A judgment in favor of Plaintiffs that Defendant Pioneer has actively induced infringement of the '599 patent;

C. A judgment in favor of Plaintiffs that Defendant Pioneer has contributed to infringement of the '599 patent;

D.   A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '599 patent as provided under 35 U.S.C. § 284; and

E.   Any and all other relief to which the Court may deem Plaintiffs entitled.

**DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas State Bar No. 24059904
mch@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Danny L. Williams
Texas State Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
Texas State Bar No. 01150025
mike@wmalaw.com
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com

Christopher N. Cravey
Texas State Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas State Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Texas State Bar No. 24073408
mbenefield@wmalaw.com
David Morehan
Texas State Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-7000
Facsimile:  (713) 934-7011

***Attorneys for Plaintiffs Stragent, LLC and SeeSaw Foundation***